274 So.2d 447 (1973)
Florida CAREY and Janet Gibson Harris
v.
Eugeni L. DAUNIS and Dr. Charles L. Daunis et al.
No. 5635.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1973.
Frank S. Bruno, new Orleans, for relators.
Lloyd Himel, Lutcher, for absentee defendant.
Before REDMANN, LEMMON and GULOTTA, JJ.
REDMANN, Judge.
The sheriff of St. James parish unsuccessfully attempted to serve Eugeni Daunis five times in a case in which she is a defendant and twice in a consolidated case. *448 Relators therefore procured the appointment of an attorney at law to represent defendant and service of process was made upon him. He excepted to the court's jurisdiction over the person, reciting that defendant was never served "as required by law", and that no diligent effort to serve was made before provoking his own appointment.[1]
The trial court maintained the exception and we granted writs.
It appears to us that the no-service argument is based on C.C.P. arts. 6 and 5091. Regarding absentee domiciliaries, art. 6 says "Jurisdiction over the person * * * must be based upon * * * service of process on the attorney at law appointed * * *"; art. 5091 says the court shall on motion appoint an attorney "when: (1) It has jurisdiction over the person" of the defendant absentee. The phrase we have italicized cannot have the same meaning in both articles; otherwise the articles would make service a prerequisite to service of absentees. The wording of art. 5091 subd. (1)(a) shows appointment is intended where service has not been had. And Comment (b) shows that that article's intent relates to constitutional jurisdictional notions broader than the jurisdiction-by-service concept of art. 6.
Here defendant was alleged to have been domiciled in St. James parish, when she caused an accident in St. James parish. (Her father's deposition, subsequent to the service attempts, indicates that a week later she married, and her husband's military service took him and her out of state. Thus she may now be domiciled out of state.) We find no constitutional problem with the St. James court's jurisdiction over her in this suit. Even one who was a nonresident at the time of his tort in Louisiana is constitutionally subject to the jurisdiction of a Louisiana court in the tort action; see R.S. 13:3201 subd. (c); Jones v. Davis, 233 So.2d 310 (La.App.1970), writ refused 256 La. 80, 235 So.2d 101.
Accordingly, the trial court does have jurisdiction over the person of defendant in C.C.P. art. 5091's sense if she is shown to be a nonresident or absentee; and the appointment of an attorney to represent her and citation upon him gives the court jurisdiction over her person in art. 6's sense.
But the exception's further argument is to the effect that she is not an absentee. The position is that she could have been served during her two visits "home" (once for six months while her husband was overseas, once for a week, her father's deposition says); therefore no "diligent effort" was made to serve her as C.C.P. art. 5251 subd. (1)[2] requires and therefore she is not an absentee (and the attorney's appointment is invalid and service upon him ineffective).
In Wood v. Hyde, 209 So.2d 51 (La.App. 1968), the appointment of an attorney was held invalid for lack of "diligent effort" to serve. But there the only evidence of attempts to serve an admitted domiciliary was hearsay by plaintiff's attorney that defendant was concealing himself. Not even a sheriff's return was in the record to show any attempt at service.
Here there are seven returns showing unsuccessful attempts. While only two were to serve plaintiffs' petition, the other five equally show that defendant "cannot *449 be found and served". This is an adequate showing of "diligent effort".[3]
The ruling of October 4, 1972, maintaining the exception filed by the attorney appointed for Eugeni L. Daunis is reversed and the exception is overruled. The matter is remanded.
Reversed.
NOTES
[1] That attorney was, on his own motion, subsequently replaced by another appointee.
[2] "`Absentee' means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; * * *."
[3] "Diligent effort" may not be required for a nonresident or departed domicilary, which the father's deposition (though subsequent to service attempts) may show defendant to be.