315 So.2d 759 (1975)
Troy W. RAY
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY.
No. 55756.
Supreme Court of Louisiana.
June 23, 1975.
Rehearing Denied July 25, 1975.
*760 M. Robert Sutherland, New Orleans, Victor A. Sachse, James E. Toups, Jr., Breazeale, Sachse & Wilson, Baton Rouge, for defendant-applicant.
Floyd J. Falcon, Jr., Dodd, Barker, Avant, Wall & Thomas, Baton Rouge, for plaintiff-respondent.
SANDERS, Chief Justice.
This is a suit by a non-resident to have a damage judgment rendered against him annulled. The district court rejected the demand, upholding the judgment, and plaintiff appealed. The Court of Appeal reversed, annulling the judgment, and found that defendant had failed to prove its reconventional demand for damages. La.App., 303 So.2d 877 (1974). Upon application of defendant, we granted writs, La., 307 So.2d 625 (1975).
On or about October 18, 1968, plaintiff's employee damaged South Central Bell Telephone Company's underground cables with a bulldozer while clearing land in East Baton Rouge Parish, Louisiana. On October 10, 1969, South Central Bell instituted suit for damages against plaintiff in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. The sheriff was unable to make personal service on plaintiff. After the petition and citation were returned "not served," South Central Bell filed a supplemental petition alleging plaintiff to be an absentee and requesting that an attorney be appointed to represent him. Pursuant to Article 5091 of the Louisiana Code of Civil Procedure, an attorney was appointed. That attorney was served with process.
Through advertising, the appointed attorney received information that plaintiff had moved to Arizona. The attorney mailed notice to the Arizona address and to the last known Louisiana address. Both notices were returned undelivered. On August 27, 1971, the court rendered a judgment for damages against the present plaintiff.
Plaintiff instituted this suit, alleging that in June of 1969, prior to institution of the former suit, he had accepted employment in Arizona and that he and his family had established their domicile there. He alleged that he had received no notice of suit and only became aware of the Louisiana proceeding in February, 1972, when plaintiff's Arizona attorney contacted him concerning the judgment.
On January 23, 1973, an Arizona writ of attachment issued against plaintiff. Shortly after that date, plaintiff met with defendant's Arizona attorney and worked out an arrangement to pay installments to avoid having his personal property seized under the writ. The record shows that *761 plaintiff continued to pay installments on the judgment after he instituted this suit.
On the basis of the above facts, plaintiff argues that the court failed to attain personal jurisdiction over him as a non-resident under Louisiana's "long arm" statute, LSA-R.S. 13:3201 et seq., and, for this reason, the judgment should be annulled. Plaintiff also asserts that defendant in the present suit failed to prove its reconventional demand against him.
Defendant argues that the Court of Appeal erred in holding: that the court failed to attain jurisdiction over the plaintiff; that plaintiff had not acquiesced in the judgment; and the defendant could not rely on business records to prove the amount of damages sought.
As found by both lower courts, the evidence clearly establishes that plaintiff was domiciled in Arizona and was a non-resident of Louisiana at the time the suit was filed.
This being true, the case raises a significant question of law. In a suit, based upon the jurisdiction over a non-resident accorded by LSA-R.S. 13:3201, the "long arm" statute, can service on a non-resident be made as provided in Article 5091 of the Louisiana Code of Civil Procedure? We think not.
Act No. 47 of 1964 (LSA-R.S. 13:3201-3207) grants to the courts of Louisiana the full constitutional jurisdiction in personam against non-residents.
Pertinent to the present case, LSA-R.S. 13:3201 provides:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
* * * * * *
"(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
* * *"
LSA-R.S. 13:3204, dealing with methods of service, provides:
"A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
"Service of process so made has the same legal force and validity as personal service on the defendant in this state. Added Acts, 1964, No. 47, § 3." (Italics ours.)
Although conceding that the "long arm" statute sets forth methods of service, defendant argues that those methods are not exclusive and that service upon an attorney appointed under Article 5091 of the Louisiana Code of Civil Procedure is legally sufficient. The defendant relies upon Carey v. Daunis, La.App., 274 So.2d 447 (1973).
Our analysis of the statute causes us to reject this argument. The word shall in LSA-R.S. 13:3204, setting forth the methods of service, means that the provisions of the section are mandatory. See Boykin v. Lindenkranar, La.App., 252 So.2d 467 (1971). This conclusion is fortified by Comment (b) of the Official Comments of the Louisiana State Law Institute, which describes the purpose of the provision as establishing "uniform methods of serving process . . . valid as to all types of nonresidents."
Finally, we note that LSA-R.S. 13:3207 provides that the remedies under the "long arm" statute are distinct from other remedies in the Lousiana Code of Civil Procedure.
The case of Carey v. Daunis, supra, cited by defendant, can be distinguished on the ground that the Court of *762 Appeal in that case made no finding that the defendant was in fact a non-resident. Nonetheless, insofar as the views expressed by the court there conflict with our construction of the statute, we necessarily reject them.
We conclude that no valid service was made on the plaintiff in the prior suit.
We must now consider defendant's alternative position that the plaintiff acquiesced in the judgment against him. If the plaintiff did acquiesce in the judgment, he may not have it annulled, since LSA-C.C.P. Art. 2003 provides:
"A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002." (Italics ours.)
Under the peculiar facts here, a finding that plaintiff voluntarily acquiesced in the judgment is unwarranted. Plaintiff did not have notice of the judgment until February, 1972. On January 23, 1973, the Arizona writ of execution issued against him, and in April of 1973, plaintiff filed the present suit to annul the judgment. The record reflects that, by paying installments, plaintiff "bought time" from the defendant to prevent the seizure of his personal property until he could return to Louisiana and attack the judgment.
Finally, we consider the defendant's reconventional demand.
The damage occurred on October 18, 1968, and the reconventional demand was filed on January 23, 1974; unless prescription was interrupted, the action is prescribed. LSA-R.S. 9:5801 provides:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."
Under the terms of the above article, prescription is interrupted when an action is commenced in a court with jurisdiction over the subject matter and of proper venue for the action. LSA-C.C.P. Art. 5251(4); Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972).
The district court for East Baton Rouge Parish is a court of general trial jurisdiction. It has jurisdiction over all civil matters regardless of the amount in dispute. LSA-Const. Art. 7, § 35 (1921). Hence, it had jurisdiction over the subject matter of a suit for damage to property. LSA-C.C.P. Art. 2. It is equally clear that the court was one of proper venue, since the delictual act and damage occurred in East Baton Rouge Parish. LSA-R.S. 13:3202; LSA-C.C.P. Art. 74.
As to the substance of defendant's reconventional demand, we find, as did the Court of Appeal, that the evidence sustains a finding of negligence on the part of plaintiff's employee. Plaintiff conceded that he was aware of the cables and that his employee damaged them in the course of employment. Despite this finding of negligence, we are unable to make an award of damages, because the evidence is inadequate. The only proof produced at trial was in the form of proffer, since the trial judge found the evidence objectionable.
The first proffer included a cost estimate introduced without foundation. The unsigned estimate contained no notation to indicate the incident to which it was related. The only testimony given to explain the estimate came from defendant's custodian of records who conceded he was not the one who prepared it. He stated that the only knowledge he had of the incident *763 and repair work was that which he obtained from the record itself.
The second proffer was based on testimony from one of the members of the temporary repair crew. It was his testimony that he and two others made temporary repairs on the cable immediately after the accident. The major repair work was done later by another crew. He did not testify to the hours spent on the job, his hourly wage rate at that time, or the materials used by him.
We conclude that the evidence proffered is inadequate to support an award of damages.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
BARHAM, J., dissents but is of the opinion that the method of service provided by C.C.P. 5091, provides another method for service under R.S. 13:3201-3207.