GOTHARD, Judge.
This appeal originated in a lessor’s suit against her lessee to recover past due rent and to assert her lessor’s privilege over the lessee’s movables on the property. In all, three suits concerning the lessor-lessee dispute were filed between 1974 and 1983. Ann Ackel Generos had leased a property in Norco to Hinchman Electrical Contract Maintenance Corporation, of which Marshall Hinchman was the sole owner. Hinchman is the appellant in the suit before us and seeks reversal of the court’s denial of his action in nullity.
We begin with a brief review of the protracted litigation.
Case number 14,987, 29th Judicial District Court for the Parish of St. Charles, Ann Ackel Generos versus Hinchman Electrical Contract Maintenance Corporation, was filed on July 17, 1974. On November 26, 1974 judgment was signed in favor of the lessor and against the corporation, hereafter HECMC, in the amount of $2,350 for back rent and $8,300 for rent for the balance of the lease, plus interest, costs, and attorney’s fees. The judgment also ordered sequestration of movables on the leased premises, that HECMC vacate the premises, and that the sheriff seize and sell the movables. On June 26, 1975, Marshall Hinchman by written document assigned to Generos moneys due to Hinchman on a certain contract, to be applied to satisfaction of the judgment. On February 17, 1976 the court ordered that the seized movables be returned to Hinchman.
Case 16,317, 29th Judicial District Court for the Parish of St. Charles, Marshall Hinchman et al versus George T. Oubre, et al, was filed on October 24, 1975. Hinch-man and HECMC sued Oubre,'attorney for Mrs. Generos, Deputy Sheriff Joe Vitrano, and Ann Generos, alleging conspiracy to defraud and wrongful acts during the seizure of the lessee’s movables, plus entitlement to an offset of $8,000 for improvement made by the lessees. The plaintiffs sought damages of $50,000 to Hinchman personally and $50,000 to HECMC. Additionally they prayed for judgment against Ann Generos for $4,000 each for the improvements. An amended and supplemental petition added other defendants and money demands. The court granted the defendants’ exception of no right and/or no cause of action as to Hinchman, because any damages were suffered by HECMC and not Hinchman personally. Hinchman’s appeal of that judgment[1] resulted in a remand with leave for Hinchman to amend his petition to state facts supporting an individual cause of action. That case is still pending.
The last case, number 26,276, 29th Judicial District Court for the Parish of St. Charles, Marshall Hinchman versus Ann Ackel Generos, was filed on July 6, 1983. In that case Hinchman declared that he succeeded to full ownership of all rights and property of HECMC by transfer of ownership on July 4, 1981. He sought to nullify the judgment of November 26,1974, in case number 14,987, on the following grounds: service was not made upon the corporation; the corporation did not formally waive rights or voluntarily acquiesce in the judgment; and the judgment was a nullity on its face as no preliminary default was taken, the judgment did not state that it was taken in confirmation of default, no answer, pleadings nor appearance were filed by HECMC, the corporation was not served notice of trial, and the issue therefore was never joined. The plaintiff sought an injunction prohibiting its execution. On January 25, 1988 the case was ordered consolidated with number 16,317; however, trial of the merits was held on number 26,276 alone. Judgment was rendered on May 20, 1988 in favor of Ann Generos, dismissing Hinchman’s suit. In his reasons for judgment the trial judge first stated that the judgment under attack was not validly taken and could be annulled unless the defendant voluntarily acquiesced. IJp then held that: "The Court holds that the assignment entered into between the parties on June 26, 1975, constitutes a voluntary acquiescence in the judgment by the defendant in the original ac *96 tion.” It is from this decision that Hinch-man appeals.
At the outset we affirm the judge’s finding that the judgment was not a valid judgment by default. The evidence indicates that Hinchman, as registered agent of HECMC, was served personally with notice of a hearing on October 16, 1974. Hinch-man’s attorney called the judge on that date, waived appearance, and agreed to allow Mrs. Generos’ attorney to put on his evidence with the proviso that no judgment would be signed. Then on November 18, 1974 the plaintiff’s attorney wrote the trial judge, stating that, “Marshall Hinchman has not lived up to the agreement made through his attorney” and requesting that the judge sign the judgment. As noted above, judgment was signed on November 26, 1974. Hinchman’s allegation of lack of service has no merit; however, it is clear that the “issue was never joined prior to rendition of the money portion of the judgment either by entry of a preliminary default or by the filing of an answer or other pleadings,” as stated in the reasons for judgment.
The sole issue before us is whether Hinchman’s attempt to annul the judgment is precluded by the restrictions set out in La. C.C.P. art. 2003, which reads:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any grounds enumerated in Article 2002.
We note first that Marshall Hinchman has been represented by the same attorney from the beginning of this litigation in 1974. Hinchman testified that he turned over any papers served upon him to his attorney. He testified further that he was present in St. Charles Parish at the time the plaintiff began executing upon the judgment, but was unaware that there was a judgment against him. The record reveals no filing of an injunction suit; however, the jurisprudence does not interpret “enjoin” in its narrow legal meaning. In Spinks v. Caddo-Bossier Services, Inc., 270 So.2d 604, 607 (La.App. 2nd Cir.1972), the court explained:
... We do not view Article 2003 as requiring an injunction suit to be filed as a prerequisite to bringing the action in nullity but interpret Article 2003 as barring an action to annul a judgment only where the defendant has allowed execution, that is, seizure and sale, without attempting to enjoin enforcement of the judgment.
The courts look to the behavior of the debtor to determine whether he voluntarily acquiesced in the judgment or took active steps to prevent its execution.
In the case before us the trial judge based his decision that Hinchman acquiesced upon his having executed an assignment of monies due on a contract to Ann Generos, “to be applied as payments toward the Judgment dated November 26, 1974 in proceedings No. 14,987 in the 29th Judicial District Court of the Parish of St. Charles, Louisiana in favor of Ann Ackel Generos against Hinchman Electrical Contract Maintenance Corporation.”
The appellant argues that the assignment was not voluntary and does not preclude his action to annul the judgment. He cites as authority Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.1975). The plaintiff/debtor in that case had moved to Arizona before the suit was filed and there was no valid service. The court held that the plaintiff did not voluntarily acquiesce to the judgment by making payments under an arrangement with the creditor. It found that he merely “bought time” to prevent seizure of his personal property until he was able to return to Louisiana to attack the judgment. The court pointed out the time factor: he learned of the judgment in February, 1972; the writ of execution in Arizona was filed in January, 1973; and he filed suit to attack the judgment in April, 1973.
In DLJ Of Louisiana No. 1 v. Green Thumb, Inc., 376 So.2d 121 (La.1979), the plaintiff sued to annul a default judgment, alleging that service of process had not been properly made. The creditor attempted to execute on the judgment during the *97 pendency of the suit for nullity by ordering seizure and sale of the debtor’s apartment complex. The court held that by paying the judgment to avoid its execution DU had not acquiesced in the judgment but had “bought time,” as did the debtor in Ray. As DU had prevented enforcement of the judgment by payment, the second provision of La. C.C.P. art. 2003 did not apply. The court noted that DU had filed a suspensive appeal and the nullity action before making payment. We note that in DU the time factor was important, as the' default judgment was rendered on November 18, 1974, DU lost his appeal on April 21, 1975, and on July 2, 1975 it instituted the action of nullity.
The correctness or not of the decision in the case before us depends on whether or not the actions of Marshall Hinchman constituted acquiescence. He testified that he signed the assignment on June 26, 1975 to “get them off of my back to a place that I can go ahead with my business” and that he was out of business until the matter was “squared away.” Despite the fact that the document specifically referred to the judgment dated November 26,1974 and despite Hinchman’s admitting to being served with notice of seizure, he insisted that he was unaware of the judgment until 1983, when he and his attorney went to the courthouse to examine the record. As Hinchman’s attirney filed suit number 16,-317 in October, 1975 and referred specifically to the 1974 judgment, we find Hinch-man’s allegation of ignorance incredible. We do believe however, that the attorney had overlooked the procedural irregularities in the judgment over the years.
Hinchman made the assignment in order to get some property released after the seizure, but not to buy time to attack the judgment, as did the plaintiffs in DLJ Of Louisiana No. 1 v. Green Thumb, Inc., supra, and Ray v. South Central Bell Telephone Company, supra. He took no steps to prevent or “enjoin” execution of the judgment even though he was present in the parish at the time. .Accordingly, we find that Hinchman did acquiesce in the judgment. The restrictions of article 2003 apply; therefore Hinchman may not maintain an action in nullity against the judgment dated November 26, 1974.
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.

. Hinchman v. Oubre, 445 So.2d 1313 (La.App. 5th Cir.1984).