576 So.2d 1168 (1991)
Norma Fagan BARBER, Plaintiff-Appellee,
v.
Joe PROFIT, Defendant-Appellant.
No. 89-906.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1169 H. James Lossin, Sr., Jonesville, for plaintiff-appellee.
Brown & Wicker, W.D. Brown, III, Monroe, for defendant-appellant.
Before DOMENGEAUX, C.J., and GUIDRY and DOUCET, JJ.
DOUCET, Judge.
The defendant, Joe Profit, appeals a judgment overruling his exception to jurisdiction over the person.
On February 24, 1988, Norma Fagan Barber filed suit against Joe Profit to establish his paternity of her (then) minor child, Shawn O'Neal Fagan, and for past and future child support. In her petition, Mrs. Barber alleged that she and Profit, now a resident of Atlanta, Georgia, met while attending Northeast Louisiana University in Monroe, Louisiana. She further alleged that while they were dating, during the month of January 1970, the child, Shawn O'Neal Fagan, was conceived and that Profit is the child's father.
Personal jurisdiction over Profit was asserted based on the Louisiana Long Arm Statute, in particular, La.R.S. 13:3201(A)(7), which provides that:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
* * * * * *
Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
The record reflects that Profit was served by certified mail, return receipt requested, with a copy of the petition, on March 4, 1988.
On April 14, 1988, Profit filed a declinatory exception of lack of jurisdiction over the person, and dilatory exceptions of lack of procedural capacity and prematurity. On September 27, 1988, Mrs. Barber amended her original petition to allege that she was appearing both individually and as natural tutrix of the minor child, Shawn O'Neal Fagan.
On February 15, 1989, Mrs. Barber again amended her petition to include Shawn O'Neal Fagan as petitioner on his own behalf since he had by that time reached the age of majority.
At a hearing held in open court on February 24, 1989, Profit stipulated that Shawn O'Neal Fagan was conceived in the State of Louisiana. After that hearing on March 15, 1989, Profit again filed an exception of lack of jurisdiction. The exception was overruled. Profit appeals.

APPLICABILITY OF LONG-ARM JURISDICTION
Profit first argues that the Fourth Circuit decision of Hirsch v. Hirsch, 378 So.2d 539 (La.App. 4th Cir.1979) prohibits a *1170 trial court's use of the long-arm statute to assert jurisdiction initially over a non-resident in a suit to establish paternity.
The facts of this case are quite similar to those of State, through Dept. of Health v. King, 447 So.2d 557 (La.App. 1st Cir. 1984). Further, defendant asserts the same arguments on the Hirsch case, which we reject for the same reasons. As the court stated in King, at pp. 559 and 560:
"First of all, on its face Hirsch is distinguishable from the present case. The issue in Hirsch was whether the concept of continuing jurisdiction could be applied in a suit for post-divorce alimony to establish personal jurisdiction over a nonresident represented by a court-appointed attorney under LSA-C. C.P. art. 5091.
Two years after her divorce became final, the former wife in Hirsch filed a rule for alimony against her former husband, who had since moved to Florida. Unable to serve him personally, she petitioned for a court-appointed attorney, whom she served pursuant to LSA-C. C.P. art. 6, and obtained a judgment. On appeal the Fourth Circuit reversed. Since there was no original award of alimony incidental to the previous divorce suit when the court had jurisdiction of the defendant, the appellate court reasoned that the suit for post-divorce alimony was a separate proceeding from the previous suit for divorce and held that the trial court did not retain personal jurisdiction over the defendant under the theory of continuing jurisdiction, recognized in Imperial v. Hardy, 302 So.2d 5 (La.1974). Since the trial court did not have jurisdiction over defendant, service on the court-appointed attorney violated due process and was therefore invalid. The court further held, without explanation, that the Long Arm Statute, particularly R.S. 13:3201(f), does not authorize personal jurisdiction over a nonresident in a suit for "alimony for the first time after the divorce had been obtained as such would be an unconstitutional breach of due process." Hirsch, 378 So.2d at 542-43.
The present case does not involve a suit for post-divorce alimony, nor is personal jurisdiction based upon service on a court-appointed attorney under article 6. Moreover, the present suit does not involve the exercise of jurisdiction for a cause of action arising under R.S. 13:3201(f), [now R.S. 13:3201(A)(6) ] but for a cause of action arising under R.S. 13:3201(g). [now R.S. 13:3201(A)(7)(1) ] We fail then to see how the holding in Hirsch applies in this case to preclude the application of the pertinent provision in the Long Arm Statute.
Defendant argues that the Hirsch rationale nonetheless supports the trial court's ruling because the trial court never had jurisdiction over the defendant: "In this case, the defendant was never a `litigant' until the instant proceeding. Furthermore, it is not alleged that the defendant was ever subject to `the personal jurisdiction of this court.'" Defendant's argument assumes that a court may not exercise long arm jurisdiction over a nonresident unless it can establish continuing jurisdiction from a former proceeding.2
A similar argument was raised and rejected in a recent case decided by the Second Circuit, which declined to follow Hirsch. In Stuckey v. Stuckey, 434 So.2d 513 (La.App. 2nd Cir.1983), the plaintiff sued her nonresident husband for post-divorce alimony under circumstances substantially similar to those in Hirsch, except that the plaintiff attempted to establish jurisdiction solely on the basis of R.S. 13:3201(f), rather than under article 6. Defendant argued that the statute was not designed or intended to confer jurisdiction over a nonresident in such a suit unless his obligation to pay support had been established in a previous proceeding. Rejecting defendant's argument, the Second Circuit said,
"`... To interpret this provision to only apply to those cases where a former award of alimony has been made would circumvent interpreting it liberally in favor of finding jurisdiction and would also fail to give effect to the legislature's clear intention to permit courts of this *1171 state, through the use of the Long Arm Statute, to tap the full potential of jurisdiction in personam over nonresidents. Furthermore, such a narrow construction would render less beneficial the utilization of this section of the statute in support cases. The only purpose which the legislature could have intended in the enactment of this provision was to extend jurisdiction to the maximum acceptable limits over nonresident defendants in support matters. The narrow construction proposed by defendant is not as logical as our more liberal interpretation because it is settled that where a former judgment makes a valid award of alimony or support, continuing jurisdiction applies and is available for asserting jurisdiction over a nonresident defendant. See and compare Imperial v. Hardy, 302 So.2d 5 (La.1974); Holden v. Holden, 374 So.2d 749 (La.App. 3d Cir.1979); Defatta v. Defatta, 352 So.2d 287 (La.App. 2d Cir.1977) and cases cited therein. Therefore, no real extension of jurisdiction over nonresidents would have been obtained by the enactment of this provision for such a limited purpose.'

Id. at 516.
To the extent the Hirsch holding can be extended to the present facts, we decline to apply it and subscribe to the reasoning of the Second Circuit in Stuckey. However, we note that Hirsch need not be read as broadly as the defendant in Stuckey or as the defendant here would have it read.
In Hirsch, the wife served the nonresident husband under LSA-C.C.P. art. 6 through an attorney appointed to represent him under LSA-C.C.P. art. 5091. According to Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La. 1975), where personal jurisdiction is based upon the Long Arm Statute, a valid service may only be made by certified mail under R.S. 13:3204, and may not be made upon a court-appointed attorney under LSA-C.C.P. art. 5091. Thus, the conclusion in Hirsch that the use of the Long Arm Statute would violate due process is consistent with the holding in Ray, and the result is therefore correct on the facts." (footnotes omitted)
Accordingly, we find that the Hirsch holding does not apply in this case and, therefore, does not prevent the assertion of jurisdiction over Profit under the provisions of La.R.S. 13:3201(A)(7).

MINIMUM CONTACTS
Defendant next argues that the trial court erred in dismissing his exception to jurisdiction because the plaintiff failed to allege the facts required in order to obtain jurisdiction under La.R.S. 13:3201(A)(7). As the defendant correctly points out, the plaintiff's petition is devoid of factual allegations that the child was conceived while the defendant was a resident of, or was in, the State, which constitutes the statutory minimum contacts necessary to establish jurisdiction over a non-resident defendant in a paternity suit under La.R.S. 13:3201(A)(7). The petition does not allege whether the parties' sexual relationship took place wholly or partly in the State, the duration of that relationship, or that Profit was in the State during that time. King, supra.
However, Profit did stipulate that the plaintiff alleges that the child was conceived in this State. La.R.S. 13:3201 was amended in 1987 to add Subsection (B) as follows:
"B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States."
The Louisiana Supreme Court in Superior Supply v. Assoc. Pipe & Supply, 515 So.2d 790 (La.1987) stated that:
"The 1987 amendment was designed to insure that the long-arm jurisdiction of a Louisiana court extends to the limits allowed by due process. See Official Comment Acts 1987, No. 418. When constitutional requirements of due process have been met, there is no longer a need to inquire into whether the defendant's conduct falls within the reach of the long-arm statute. Now, under the express *1172 terms of the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute. The limits of Louisiana's long-arm statute and the limits of constitutional due process are now coextensive. Petroleum Helicopters, Inc. v. Avco Corp. [513 So.2d 1188 (La.1987)], supra. Furthermore, the enactment of a new long-arm statute or the amendment of an existing statute apply retroactively to provide jurisdiction over a nonresident whose conduct giving rise to the cause of action occurred prior to the effective date of the statute or amendment. McBead Drilling Co. v. Kremco, 509 So.2d 429 (La. 1987)."
Under this standard the plaintiff's allegation that the defendant fathered the child in question and the party's stipulation that the child was conceived in this State are sufficient to establish the minimum contacts necessary to assert personal jurisdiction over the defendant under La.R.S. 13:3201.
As a result, we affirm the judgment of the trial court overruling the defendant's exception to jurisdiction.
All costs of this appeal are assessed to the defendant.
AFFIRMED.
DOMENGEAUX, C.J., concurs and assigns reasons.
DOMENGEAUX, Chief Judge, concurring.
I agree with the majority that the defendant's exception of lack of personal jurisdiction should be denied. I concur because I find that the allegations of plaintiff's petition, together with the stipulation reached by the parties, fall within one of the long-arm statute's specific examples of contacts sufficient to give rise to personal jurisdiction.
In her initial petition, Norma Fagan Barber alleged the defendant, Joe Profit, now a resident of Georgia, is the father of her minor son, Shawn O'Neal Fagan. Plaintiff further alleged she met the defendant while they were both attending Northeast Louisiana University in Monroe and the child was conceived while they were still dating, during the month of January, 1970. I agree with the defendant that these allegations alone do not meet the requirements of La.R.S. 13:3201(A)(7), which authorizes jurisdiction in an action for parentage and support of a child conceived by a nonresident "while he resided in or was in this state." However, any defect in plaintiff's initial petition was cured when the parties entered the stipulation, "Plaintiff alleges that the conception of the child occurred in the State of Louisiana in and around Monroe and Ouachita Parish and that vicinity."
The allegations that the defendant is the father of the child and that the conception occurred in this State brings the plaintiff's petition within La.R.S. 13:3201(A)(7). Because the defendant's conduct falls within one of the long-arm statute's specific examples of personal jurisdiction, I see no need to rely on La.R.S. 13:3201(B).