LABORDE, Judge.
In this case, John and Alberta Seiss appeal a judgment awarding Consolidated Resources, Inc. a default judgment. We hold that an answer filed by a court appointed attorney can have no effect on a nonresident defendant over whom there was no personal jurisdiction and affirm the trial court.
FACTS
This case arose as a result of a prior proceeding entitled John D. Siess, et ux v. Vinton Oil and Gas Corporation, et al bearing docket number 86-1647. On May 15, 1981, John D. Siess and Alberta Pierce Siess (appellants in the present litigation) entered into an Assignment of Leases and Sale of Equipment. Through this assign *1013 ment, appellants sold their interest in two oil, gas, and mineral leases to Vinton Oil & Gas Corporation. Appellants also sold some equipment found on the property affected by the leases through this document.
The assignment stated that a portion of the sales price was for credit, evidenced by a note, payment of which was to be made in the following manner:
Vendor (appellants) shall be entitled to receive 10% of the net proceeds, after taxes, from oil to be sold from the leases herein assigned. For the purpose of securing' this portion of the obligation, Vendee does hereby assign to Vendor, as a production payment, an undivided 10% of the production from the leases herein assigned and does hereby authorize the purchaser of all oil sold from the said leases to pay directly to the Vendor herein 10% of the proceeds of such sales, after deduction of all applicable taxes.
As further security for the debt, the assignment created what purports to be a lien on the movable items also being sold.
On April 4, 1986, appellants sued Vinton Oil and Gas and others by a pleading entitled “Petition for Money Judgment and Recognition of Mortgage.” Through this petition, appellants prayed for money judgment against Vinton Oil and Gas for the unpaid portion of the note. Appellants also prayed for recognition of their security interests in the items conveyed to Vinton Oil and Gas as set forth in the assignment.
The trial on this matter was held November 25, 1986, and a judgment was signed June 23, 1987. This judgment recognized appellants’ right to collect the sums owed “from the security devices more particularly set out in that certain Assignment of Leases and Sale of Equipment.” The judgment also attempted to describe those security devices, but did so erroneously. Rather than setting forth the security device to be “10% of the production from the leases herein assigned,” it stated appellants were entitled to satisfaction of their judgment from (10%) ten percent of the production of oil, gas and other minerals produced and saved from the affected property. A plain reading of this judgment, without reference to the assignment, indicates appellants had an interest in (10%) ten percent of the minerals.
Consolidated Resources, Inc., purchased the affected property in the Spring of 1988. On January 1, 1989, Consolidated Resources sold (10%) ten percent of the property to John F. Fowler and Mary Ann Fowler. Consolidated Resources and the Fowlers are the plaintiffs in the present action, are hereafter referred to as “appel-lees.”
Appellees investigated production under the leases prior to purchase and determined the leases had lapsed by their own terms. More specifically, the leases in question provided they would expire once there had been no production or other operations for a period of ninety days. After satisfying themselves that the leases had expired and after obtaining a release from the operator and working interest owners of the prior leases, appellees began their own operations in March of 1988 after purchasing the property.
Production began again as a result of appellees’ operations, and this production was sold to Permian Oil. Permian requested a title opinion, which noted a cloud on the titled created by the June 30, 1987 judgment. As a result of the cloud on the title created by this judgment, Permian determined it must withhold a portion of the purchase price pending resolution of the cloud. In an attempt to rectify the cloud on the title to this property, appellees filed a Motion to Amend Judgment. In this motion, appellees claimed to be aggrieved by the June 30, 1987 judgment insofar as that judgment purported to recognize a real right in the minerals to the property owned by appellees. Appellees suggested in the motion that the wording of the judgment was clearly erroneous and was an error in phraseology rather than substance therefore subject to amendment pursuant to article 1919 of the La.Code of Civil Procedure.
The disposition of this motion is unclear from the record, however, on July 25, 1989, appellees filed a Petition for Intervention, Declaratory Judgment and Damages. Ap- *1014 pellees attempted to accomplish the same purpose as with the Motion to Amend Judgment with this petition but requested damages for wrongful seizure, malicious harassment, and refusal to rectify the cloud on the title to the property. Appellants filed an Exception of No Cause of Action to the petition. The trial court signed a judgment on December 22, 1989, denying appellants’ exception, allowing appellants fifteen days to apply for a supervisory writ to this Court and further ordered and declared that (1) if the supervisory writ be denied, the production payment recognized in the June 80, 1987 judgment had expired by its own terms and (2) allowing appellants forty-five days to identify and remove any items from the property on which they claimed to have a mortgage. With respect to the second finding, the trial court also allowed appellees five days after removal of the property to object to the court to the validity of appellants’ claim of a mortgage. This Court granted the writ and made it peremptory, noting that an intervention can be filed only in a pending action, and this Court further found the intervention to be untimely and ordered the intervention to be dismissed, reserving to appellants the right to file a separate action.
On February 21, 1990, appellees filed a Petition for Declaratory Judgment, Cancellation of Judgment and Damages. This petition included a recitation of events leading up to its filing and asked for the following:
(1) Judgment declaring the exact and precise rights of each party to the litigation;
(2) Judgment declaring that John D. Siess and Alberta Pearce Siess own no right in and to the minerals lying on or beneath the affected property; and
(3) Judgment declaring that the chattel mortgage purportedly created by the assignment is of no effect or alternatively, a judgment setting forth specifically those items on which appel-lees have a valid mortgage.
Appellees also asked for damages caused by appellants’ refusal to clear title.
The petition alleged appellants were residents of either the State of Florida or the State of Louisiana and were amenable to suit in Louisiana with jurisdiction to be affected by personal service in the State of Louisiana or through the Louisiana Long Arm Statute. Initially, appellants’ counsel agreed that formal service would be unnecessary and that he would merely answer on appellants’ behalf. When this agreement was not honored, appellees attempted to serve appellants in Lake Charles, but the citations issued were returned marked “Unknown.” Appellees then attempted to serve appellants through the Louisiana Long Arm Statute. Citations were prepared and service through the Long Arm Statute was attempted at appellants’ address as given by appellant, John Seiss, under oath at the trial of the intervention in the first suit. These documents were returned marked “Unclaimed.”
On April 26, 1990, counsel for appellees filed a Motion to Appoint Curator Ad Hoc to allow appellees an opportunity to proceed in rem against the property and clear the title. The trial court appointed Bobby Pitre as curator. On May 24, 1990, the curator filed a general denial to appellees petition as well as Exceptions of Improper Service and Lack of Jurisdiction. Appel-lees immediately requested these exceptions to be fixed for hearing. The hearing was set for September 13, 1990, and appel-lees again attempted to serve appellants on this day at the courthouse or at David Dwight’s office, the attorney who represented them in the first suit. Once again, attempts to serve appellants were unsuccessful. On February 19, 1991, the date on which this matter was set for trial on the merits, counsel for appellees again requested service be reissued at Mr. Dwight’s office. Appellees were again unsuccessful. Appellees then had citation reissued again through the Louisiana Long Arm Statute and were finally able to serve appellants at their home address in Florida. The Sheriff’s Department in Jacksonville, Florida completed service on March 11, 1991.
*1015 Having finally obtained personal jurisdiction over appellants and now being in a position to litigate all the issues, appellees determined that the presence of the curator was no longer necessary. On March 21, 1991, appellees filed a Motion to Withdraw Curator Ad Hoc. Through this motion, ap-pellees asked that the pleadings filed by the curator be deemed to be without effect. On April 1, 1991, retained counsel for appellants officially appeared by filing an Exception of Res Judicata claiming that the relief sought in the present suit was barred by res judicata due to the fact that (1) the original motion to amend filed in the first suit was denied by the trial court and that (2) appellees had sought clarification of the June 10, 1987 judgment in the first suit. The trial court, relying on this Court’s order which specifically reserved unto appel-lees the right to file a separate action, denied appellants’ exception and ordered appellants to answer the petition within ten days. The trial court also discharged the curator and fixed his fee at this hearing.
A preliminary default was entered April 16, 1991, more than thirty days after personal service of the petition and citation on appellants in Florida, the delay required by the Louisiana Long Arm Statute, and was also more than ten days after the hearing on the exception at which appellants were ordered to answer. On April 19, 1991, a hearing was held to confirm the default. Evidence was adduced and judgment was rendered that day in favor of appellees. On May 7, 1991, appellants filed a Motion and Order for Nullity of Judgment. In response, appellees filed a Declinatory Exception of Unauthorized Use of Summary Proceeding and a Declinatory Exception of Insufficiency of Service of Process. Through their exceptions, appellees maintained that a nullity action is an ordinary proceeding which must be instituted by citation and service of citation and could not be invoked through motion or rule to show cause as was attempted by appellants. Moreover, appellees claimed that service of these pleadings was improperly made on counsel rather than the parties themselves as required by the Louisiana Code of Civil Procedure.
A hearing was held May 29, 1991, at which time, the trial court sustained appel-lees’ exceptions and dismissed the Motion for Nullity of Judgment. Appellants then perfected this appeal.
ASSIGNMENTS OF ERROR
Appellants present three issues for this Court’s review, but list and brief only one of these as an assignment of error. Under Rule 2-12.4 of the Uniform Rules of Louisiana Courts of Appeal, all specifications or assignments of error must be briefed, and the court may consider as abandoned any specification or assignment of error which has not been briefed. Accordingly, appellants’ second and third issues presented for review, ie, whether a default judgment can be rendered by a division other than that to which a case was assigned and whether defendants are entitled to notice of preliminary default and confirmation of default, will not be addressed.
In their first assignment of error, appellants allege the trial court erred in granting a default judgment when an answer had been filed in this proceeding by the curator. Thus, the only issue is whether the trial court could properly ignore the curator’s answer in allowing confirmation of the default judgment. Appellants rely on La.C.C.P. art. 1701 in support of their argument alleging a judgment of default may not be entered against a defendant who has answered the petition in the time prescribed by law. On the other hand, appellees argue the answer filed by the curator can have no effect as to the appellants since serving a court appointed attorney to represent a nonresident pursuant to La.C.C.P. art. 5091 will not invoke personal jurisdiction over the nonresident. See, Ray v. South Central Bell Telephone Co., 315 So.2d 759 (La.1975). Relying on Ray, supra, appellees further argue that since personal jurisdiction was not obtained over defendant with the appointment of the curator, any pleadings filed by the curator should not constitute a general appearance by the appellants in order to defeat a default judgment. We agree. In Ray, supra, the Louisiana Supreme Court found a non *1016 resident defendant over whom jurisdiction was based on Louisiana’s Long Arm Statute required personal service. The Court further stated service on a court appointed attorney appointed to represent the nonresident defendant was insufficient to uphold a judgment rendered against a nonresident defendant who was not personally served. From the holding in Ray, supra, it follows that any action taken on behalf of a curator appointed by a court can have no effect on a nonresident defendant who has not been personally served and therefore, not subject to personal jurisdiction. In this case, the curator was appointed to represent the property in question. The answer he filed can have no effect as to appellants over whom there was no personal jurisdiction at the time of the curator’s appointment or at the time of his answer. Since service on a court appointed attorney cannot invoke personal jurisdiction over a nonresident, it would be patently unfair to allow any pleadings filed by such an attorney to benefit the nonresident defendant. This is particularly true in this case wherein appellees had to continually attempt to serve the nonresident defendants in order to invoke personal jurisdiction over them both prior to and well after the appointment of Bobby Pitre as curator ad hoc and the filing of his answer. Given the facts in this case, we find that an answer filed by a court appointed attorney can have no effect on a nonresident defendant over whom personal jurisdiction was not yet obtained. Accordingly, we affirm the trial court judgment.
DECREE
The trial court judgment is affirmed in favor of appellees, Consolidated Resources, Inc. and John F. and Mary Ann Fowler. All costs of this appeal are assessed against the appellants, John D. and Alberta Pierce Siess.
AFFIRMED.