PER CURIAM.
After prior litigation between the parties over immovable rights, plaintiffs filed an action against certain nonresident defendants for a declaratory judgment to declare the rights of the parties to the minerals, also demanding damages for defendants’ refusal to clear the title. Service under the long-arm statute was unsuccessful, and plaintiffs obtained an order appointing an attorney at law to represent defendants. The attorney filed exceptions and an answer. Thereafter plaintiffs were successful in obtaining service on defendants in Florida through the long-arm statute, and the attorney appointed by the court was dismissed.
Defendants filed an exception of res judi-cata. The trial court overruled the exception and ordered defendants to file an answer within ten days. More than ten days after this order and more than thirty days after the Florida service, plaintiffs entered a preliminary default which was thereafter confirmed. After the time for applying for a new trial had expired, defendants moved to annul the judgment. The trial court maintained plaintiffs’ exception of unauthorized use of summary process and insufficiency of service, and dismissed the motion. Defendants appealed from the dismissal and from the default judgment.
The court of appeal, 607 So.2d 1012 (3d Cir.1992), rejected defendants’ contention that the default judgment was precluded by the answer filed by the appointed attorney. Relying on Ray v. South Central Bell Telephone Co., 315 So.2d 759 (La.1975), which held that service on an appointed attorney in an action under the long-arm statute (instead of the type of service provided in the statute) was insufficient to support a judgment against the nonresident defendant, the court of appeal held that the appointed attorney’s answer was without effect. The court reasoned that since personal jurisdiction over a nonresident cannot be based on service on an appointed attorney, it would be unfair to allow the nonresident to benefit from the answer filed by the attorney.
*164 The court of appeal failed to distinguish between jurisdiction and service. Jurisdiction in this case was based on defendants’ conduct which fell within La.Rev.Stat. 13:3201, the long-arm statute. Service of process was necessary to fulfill the due process requirement of notice. While the appointment of an attorney for service is not provided for as a method of service under the long-arm statute and the attorney’s pleading may not have been binding on the defendants (such as constituting a general appearance so as to waive objections to jurisdiction), the attorney’s answer (general denial) was in the record when the default judgment was rendered. Either party could have moved to strike the answer and remove it from the record. The trial court should not have rendered a default judgment until the answer was struck, and defendants could claim the benefit of that pleading until that time.
Accordingly, the judgment of the court of appeal affirming the default judgment is reversed, the default judgment is set aside, and the case is remanded for further proceedings.
MARCUS, J., not on panel.