DECUIR, J.,
concurs in part, dissents in part, and assigns written reasons.
_JjThe majority opinion is critically flawed by its omission of two critical pieces of information. In omitting this information, the majority opinion undermines both La. R.S 30:29 and La.R.S. 13:3667.3.
In the first instance, the majority lays out the process for resolving environmental damage claims under La.R.S. 30:29. However, the majority fails to mention that the statute includes a provision making LDNR’s feasibility plan unappealable on the grounds that a party is aggrieved by its content or the process of its submission until the plan is actually adopted by the trial court. La.R.S. 30:29 C(4).
In the second instance, the majority fails to provide the facts alleged by Poppadoc in support of its motion to compel Secretary Angelle’s testimony under La.R.S. 13:3667.3. These are the facts alleged by Poppadoc:
1. Secretary Angelle consulted with Commissioner Welsh, Gary Snell-grove, and possibly others concerning Act 312 cases.
2. Secretary Angelle consulted with Commissioner Welsh, Gary Snell-grove, and possibly others concerning the Poppadoc case.
3. Secretary Angelle consulted with members of the oil and gas industry concerning Act 312 cases.
|¾4. Secretary Angelle consulted with members of the oil and gas industry concerning the Tensas Poppa-doc case.
5. Secretary Angelle had influence and input regarding the adoption of the feasible plan in this case, even though he was not a member of the agency panel that determined the feasible plan.
*1027 6. Secretary Angelle was involved in the development of Act 312 before the 2006 legislative session, and his testimony was entered into evidence at the agency hearing in this case.
7. Secretary Angelle has knowledge of the legislative intent behind Act 312.
8. Secretary Angelle testified before the legislature that economic feasibility was not a consideration in the adoption of the feasible plan, which testimony directly conflicts with testimony of Gary Snellgrove, a member of the agency panel that decided the feasible plan.
9. Secretary Angelle consulted with LDNR employees concerning the development of the feasible plan.
10. Secretary Angelle encouraged and approved the adoption of the feasible plan, even though the plan is inconsistent with applicable regulations.
11. The plan should not have been adopted if it did not comply with applicable regulations.
12. The exemptions and variances granted in the plan were not explained or justified.
13. The agency panel that decided the plan was instructed to issue a remediation plan regardless of whether it believed it had sufficient horizontal and vertical delineation of the plumes of contamination.
This information provides a critical framework for evaluating where we are in this proceeding. As the majority notes, LDNR has adopted a plan. This plan and the agency’s actions in adopting it are not subject to appeal until adopted by the trial court. La.R.S. 30:29 C(4). The plan has been presented to the trial court and will be | .^adopted unless Poppadoc shows, by a preponderance of the evidence, that another plan is more feasible.
To meet this burden of proof, Poppadoc filed a motion to compel Secretary An-gelle’s testimony as provided in La.R.S. 13:3667.3. The threshold question for the trial court under the statute was whether the motion was well founded and that denial of the motion might prejudice Poppa-doc’s case. In order for the motion to be well-founded, the thirteen facts alleged by Poppadoc must be relevant to Poppadoc’s burden of proving that another plan is more feasible than the one submitted by LDNR. In addition, Poppadoc had to show that Secretary Angelle had knowledge of those facts.
The majority concludes that the trial court was legally correct in determining that Poppadoc’s motion was well founded and that the denial of the motion might prejudice Poppadoc’s case. I respectfully disagree.
Louisiana Code of Evidence Article 401 defines “relevant evidence” as follows:
“Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
I fail to see how any of the facts alleged in Poppadoc’s motion are relevant to its burden of proof. Rather than supporting Poppadoc’s burden of showing that another plan is more feasible than the plan submitted by LDNR, the facts alleged attack the process by which LDNR arrived at the plan and Secretary Angelle’s conduct in both that process and the legislative process which established Act 312. Raising these issues at this stage of the litigation is premature and specifically prohibited by La.R.S. 30:29 C(4). Moreover, *1028 the facts alleged by Poppadoc do not even address the feasibility of an alternate plan.
^Accordingly, I would find that the trial court erred as a matter of law in concluding that Poppadoc’s motion was well founded and, therefore, reverse the judgment of the trial court and render judgment denying Poppadoc’s motion to compel Secretary Angelle’s testimony.
However, the majority, having found the motion well founded, moves on to the necessity hearing and addresses three issues.
First, the majority finds that the failure of the trial court to send notice of the hearing by certified mail, return receipt, was not error because Secretary Angelle had actual notice of the hearing. I do not agree. The statute provides, “the judge shall order a hearing and shall notify the mover and the witness of the hearing time and date by certified mail, return receipt requested.” La.R.S. 13:3667.3 A(2). The language of the statute is mandatory with regard to method of service and provides no exception for actual notice. See Ray v. South Central Bell Tel. Co., 315 So.2d 759 (La.1975). I find the trial court erred in failing to send notice as required by statute.
Second, the majority finds that the trial court properly excluded Secretary An-gelle’s affidavit as hearsay. I concur. There is no statutory exception for the admission of an affidavit in this instance. In my opinion, there should be such an exception.
Finally, the majority finds that after excluding Secretary Angelle’s affidavit, the trial court simply granted Poppadoc’s motion without taking any more evidence. The majority finds this was error and reverses and remands for more evidence. I disagree. I find that the trial court erred as a matter of law by applying the wrong standard in granting Poppadoc’s motion at the necessity hearing. The court determined that the facts alleged by Poppadoc were necessary for Poppadoc to meet |Bits burden of proof. The appropriate determination was whether Secretary Angelle’s testimony was necessary to establish those facts. The burden at the hearing remained with Poppadoc. Under the statute, Secretary Angelle’s first opportunity to oppose the motion was at the necessity hearing, and there he was permitted, but not required, to present evidence or argument. La.R.S. 13:3667.3 A(2). The majority finds that there was no evidence presented that Secretary Angelle’s testimony was necessary and, therefore, remands the case for more evidence. The majority should have concluded that Poppadoc did not carry its burden and, therefore, the trial court erred in granting Poppadoc’s motion.
For the foregoing reasons, I concur in the majority opinion insofar as it reverses the judgment of the trial court and finds the Secretary’s affidavit properly excluded. In all other respects, I respectfully dissent.