303 So.2d 877 (1974)
Troy W. RAY, Plaintiff-Appellant,
v.
SOUTH CENTRAL BELL TELEPHONE CO., Defendant-Appellee.
No. 10006.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
Rehearing Denied December 16, 1974.
Writ Granted February 7, 1975.
*879 Floyd J. Falcon, Jr., Baton Rouge, for plaintiff-appellant.
James E. Toups, Jr., Baton Rouge, for defendant-appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
SARTAIN, Judge.
Plaintiff-appellant herein seeks to have a judgment which was rendered against him in a former suit annulled pursuant to C.C. P. Art. 2001 et seq., on the grounds of insufficiency of service of process.
The facts forming the basis of the prior judgment indicate that during 1968 plaintiff was engaged in land clearing operations. On or about October 18, 1968 plaintiff's employee, while clearing land in East Baton Rouge Parish, damaged defendant's underground cables with a bulldozer.
Within the year, on October 10, 1969, the defendant instituted suit in the Nine-teenth Judicial District Court for the Parish of East Baton Rouge against the plaintiff for damages. It is ascertained from the record of that suit that at the time of its institution there was an unsuccessful attempt by the sheriff to effect personal service on plaintiff. After the petition and citation were returned "not served", defendant filed a supplemental petition which alleged plaintiff to be an absentee and requested an attorney be appointed to represent him. An attorney was appointed and served on October 15, 1969. There was no further attempt by defendant herein to serve plaintiff.
As a result of the attorney's advertisements seeking plaintiff's whereabouts, he received response to the effect that plaintiff had moved to Arizona. Notice that there was a suit against plaintiff was mailed by the attorney to the Arizona address and to the last known local address. Both were returned undelivered. In due course, on August 27, 1971 judgment was rendered in favor of defendant herein.
Plaintiff instituted the present suit on April 11, 1973. He showed that in June of 1969, prior to the institution of the former suit, he removed himself and his family to Arizona to accept other employment. He alleged that he never received any notice of suit and was only made aware of the Louisiana proceedings in February of 1972 when he was contacted by defendant's Arizona attorney concerning the Louisiana judgment.
Plaintiff took no action on the judgment until after January 23, 1973, the date an Arizona writ of execution was issued against him. Shortly thereafter he met with defendant's Arizona attorney and worked out an arrangement to avoid having his personal property seized under execution. The record discloses that even after the initiation of these proceedings, plaintiff continued to pay on the judgment under the burden of the writ.
Plaintiff argues that on the basis of the above facts that jurisdication asserted over him as a non-resident pursuant to Louisiana's "long arm" statute, L.R.S. 13:3201 requires service be effected on him pursuant to L.R.S. 13:3204. Because defendant never sent plaintiff a certified copy of petition and citation by registered mail, nor was the same actually delivered to him, plaintiff urges us to find service of process insufficient and to annul pursuant to C.C. P. Art. 2002(2). Plaintiff further seeks damages for humiliation, anguish, and harrassment.
Defendant argues there was no insufficiency in service of process. He contends that it is proper for the court to appoint an *880 attorney pursuant to C.C.P. Art. 5091 to represent a non-resident defendant when jurisdiction is based on L.R.S. 13:3201. He claims that the procedure articulated in L.R.S. 13:3204 need not be followed if the provisions of C.C.P. Art. 5091 are met. C.C.P. Art. 5091 states in pertinent part:
"The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; * * *"
Defendant makes the alternative argument that plaintiff is barred from maintaining this suit due to C.C.P. Art. 2003. It claims plaintiff has acquiesced in the judgment.
Defendant has further filed a reconventional demand based on the same cause of action which gave rise to the judgment now claimed to be null, claiming the prior suit interrupted prescription on the cause.
The trial judge ruled the evidence clearly established plaintiff was a non-resident. He ruled further there was no insufficiency in service of process. In his written reasons for judgment he states:
"* * * The provisions of R.S. 13:3201, et seq., do not provide the exclusive method of effecting service of process upon a non-resident. The provisions of Articles 6, 5091, and 5211 [sic] of the Code of Civil Procedure are also applicable.
This court feels that either the `long arm' procedure set forth in R.S. 13:3091 [sic] or the appointment of an attorney as provided by the Code of Civil Procedure Arts. 5091 and 5211 [sic] can be utilized to effect valid service of process upon a non-resident for an action in tort which occurs in Louisiana."
We agree with the trial judge's ruling that the evidence sustained a finding that plaintiff was domiciled in Arizona and a non-resident at the time the prior suit was filed.
However, we cannot subscribe to the trial judge's apparent holding that C. C.P. Art. 5091 can be used in lieu of L.R. S. 13:3204 to effect service of process on a non-resident when jurisdiction is based on L.R.S. 13:3201. To do so we would have to ignore the clear language of L.R.S. 13:3204 which states in part:
"A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court..." (Emphasis ours)
The provisions of this statute are mandatory, and the court so noted in Boykin v. Lindenkranar, 252 So.2d 467 (4th La.App., 1971, writ refused). This statute has been carefully drafted into the scheme of L.R.S. 13:3201 et seq. to insure that Louisiana's "long arm" provisions meet the constitutional mandate of due process which requires a method of service reasonably calculated to give defendant actual notice. We note the language of L.R.S. 13:3204 does not require that the defendant actually accept the petition and citation, but only that the proper steps be taken in order that he might have a reasonable opportunity to do so.
Pursuant to C.C.P. Art. 5091, jurisdiction must exist over the person or property of the non-resident before its provisions become applicable. We feel that jurisdiction under L.R.S. 13:3201 et seq. is not perfected in the manner compelled by due process and in the sense required by *881 C.C.P. Art. 5091 until the provisions of R. S. 13:3204 are complied with.
We are not willing to hold that the provisions of R.S. 13:3204 can be ignored by plaintiffs who take advantage of the jurisdictional grant contained in R.S. 13:3201. The case of Carey v. Daunis, 274 So.2d 447 (4th La.App., 1973) cited to us is not applicable here. In the Carey case it is not determined that the defendant was a nonresident.
Therefore, due to the insufficiency of service of process on plaintiff herein in the prior suit, the judgment rendered therein must be annulled.
We turn now to defendant's alternative argument that plaintiff acquiesced in the judgment against him. We find no acquiescence under the facts here presented.
Plaintiff did not have notice of the judgment against him until February, 1972. Suit to annul was filed in April, 1973. The court in Spinks v. Caddo-Bossier Services, Inc., 270 So.2d 604 (2nd La.App., 1972), held that failure to institute legal proceedings after receiving notice of an invalid judgment does not amount to acquiesence.
Likewise, we do not feel that the payments plaintiff began to make in order to prevent the seizure of his personal property after the writ of execution issued can be construed as acquiescence. It did not become manifestly clear to plaintiff until January, 1973 when the writ of execution issued that defendant would seek to enforce the invalid judgment. It was not until after the writ issued that plaintiff began payment, and it was within eleven weeks that a suit to annul was instituted.
An examination must now be made on the merit of defendant's reconventional demand based on the same cause of action heretofore asserted in the prior suit. Since the quasi-offense complained of took place on October 18, 1968, and the reconventional demand was not filed until January 23, 1974, the action is prescribed unless prescription was interrupted.
Defendant argues the applicable law here is L.R.S. 9:5801 which states:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."
In the case of Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972), the Louisiana Supreme Court applied the definition in C. C.P. Art. 5251(4) to L.R.S. 9:5801 to define the phrase "court of competent jurisdiction." Such a court is there termed one with jurisdiction over the subject matter and proper venue.
Pursuant to C.C.P. Art. 2, jurisdiction over the subject matter is dependent upon the object of the demand, the amount in dispute, or the value of the right asserted. It is clear that the district court in the former suit was vested with jurisdiction over the subject matter of the claim asserted therein. La.Const. Art. 7, § 35.
It is also apparent that the Nineteenth Judicial District in East Baton Rouge Parish was a court of proper venue as it was the site of the incident and where the damage occurred. L.R.S. 13:3203, C.C.P. Art. 74.
We therefore conclude that prescription was interrupted pursuant to L.R.S. 9:5801.
Turning to the substance of defendant's reconventional demand, we find the evidence adduced at trial sustains defendant's contention of vicarious liability on the part of plaintiff for the negligent acts of his employee. Plaintiff testified that he was aware of the cables and it was *882 his employee who, during the scope of his employment, damaged them.
However, despite this finding of negligence, we are unable to make an award of damages due to defendant's failure to introduce competent evidence upon which to make a determination. The only proof defendant produced at trial was introduced by way of proffer since the trial judge found the evidence objectionable.
The first proffer included a cost estimate introduced without foundation, nor was it legally identifiable with the incident here in question. The unsigned estimate contained no notation to indicate the incident for which it was prepared. Furthermore, the only testimony given to explain the estimate came from defendant's custodian of records who stated he was not the one who prepared it. He stated that the only knowledge he had of the incident and repair work was that which he obtained from the record itself. He testified further that he moved to Baton Rouge in May, 1973 (4 years after the incident) and had no knowledge of costs and wages in this area as they existed at the time of the repairs.
The second proffer was based on testimony from one of the members of the temporary repair crew. It was his testimony that he and two others made temporary repairs on the cable immediately after the accident. The major repair work was done later by another crew. He did not testify to the hours he spent on the job, his hourly wage rate at that time, or the materials used by him.
Likewise, with respect to plaintiff's demand for damages due to embarrassment, mental anguish and humiliation, we find no support for it in the record. Plaintiff did testify to what he believed to be the approximate expenditures he incurred in traveling to Louisiana to prosecute this suit. However, this testimony was completely uncorroborated.
For the reasons assigned, the ruling of the trial court is reversed and judgment is entered in favor of plaintiff insofar as the judgment rendered against him on August 27, 1971 is declared an absolute nullity. Further, plaintiff's plea of prescription is overruled and the claim for damages by both parties is dismissed. Defendant is cast for all costs.
Reversed and rendered.