MARCUS, Justice.
Alereza Baghri and forty-seven others were arrested and variously charged by affidavits with criminal trespass in violation of Section No. 10-59 of the City of Monroe Code and with resisting arrest in violation of Section No. 10-55 of the City of Monroe Code. Defendants, after being arraigned, were released on bond and notified to appear for trial at 9:00 a. m. on March 14, 1980. When their cases were called for trial, defendants failed to respond. The trial judge ordered the bonds forfeited and issued bench warrants for their arrests. Upon defendants’ application, we granted certiorari to review the correctness of this action.[1]
The incident giving rise to the arrests allegedly occurred on the evening of March 6, 1980, on the campus of Northeast Louisiana University where a former Iranian ambassador to the United Nations was to give a speech. Defendants, allegedly of Iranian nationality, were arrested and variously charged with criminal trespass and resisting arrest during the incident.
On the night in question, defendants were transported to the Monroe City jail and were booked. Those who identified themselves were eligible to be released on the posting of a one hundred dollar bond. On March 10, 1980, the court conducted arraignments for all defendants. The bond for each was reduced by the court to fifty dollars on March 13, 1980. Immediately thereafter, defendants were released on bond and each defendant was handed a court notice to appear for trial at 9:00 a. m. on March 14, 1980.
Defense counsel and defendants arrived at the courthouse at approximately 9:00 a. m. on the morning of trial (March 14,1980). Before entering the courthouse, defense counsel was handed an order of the trial judge limiting access to the court. That order provided:
In view of the unusual nature and overall circumstances surrounding the proceedings set for trial in Division B of
Monroe City Court on this date, Friday, March 14, 1980, the Court hereby issues the following order concerning access to the Court building and courtroom during the pendency of these proceedings. The individuals allowed access into the Court are listed as follows:
(1) Properly identified law enforcement officials specifically assigned for security duty for the pendency of these proceedings.
(2) Properly identified members of the press and media who have been assigned to cover these proceedings. The Court shall not allow any cameras or recording devices inside the courtroom. However, media artists shall be allowed to bring their sketching materials into the Court.
(3) Counsel of record for both defense and prosecution.
(4) Interpreters for both defense and prosecution. The Court specifically orders that the same interpreters used by the defense at arraignment on March 10, 1980 be used for the pendency of these proceedings and that the prosecution identify the party who is to assist them during the pendency of these proceedings.
(5) Witnesses under subpoena as they are called to testify. While awaiting call all witnesses are ordered to remain at a specified area of the Monroe Police Department and be escorted to the courtroom through the corridor connecting the Monroe Police Department and Monroe City Court.
(6) Defendants as they are standing trial. It shall be the responsibility of defense counsel to secure the defendants in an accessible place outside the.courtroom and Court building and bring them to Monroe City Court with haste when called for trial.
Counsel was allowed into the courthouse by security officers; however, defendants were barred from entering. Defense counsel requested that the trial judge allow defendants into the building and the courtroom. The trial judge denied the request. Later, the trial judge orally amended his *774 order to allow diplomatic personnel from the Iranian government to observe the proceedings.
After preliminary matters were concluded, the first case was called at 10:23 a. m. The court recessed until 10:45 a. m. to allow time to produce the first defendant for trial. The first defendant’s number was sounded inside and outside the courthouse.[2] There was no response. When the court reconvened, the first case was called again. When defendant failed to appear, the trial judge ordered that “defendant, John Doe # 34, be called on bond; that a bench warrant issue for his arrest with new bond being fixed at $350.00.” Thereafter, each defendant was called in turn, each did not respond, and the trial judge called each on bond and issued a bench warrant for his arrest.
The condition of the bail undertaking is that defendant will appear at all stages of the proceedings to answer the charge before the court in which he may be prosecuted. La.Code Crim.P. art. 330. Before a defendant can be required to appear, however, he or she must be notified of the date, time and place the appearance must be made. In the instant case, defendants were so notified. However, when they appeared as commanded, the trial judge refused to allow them into the court or the courthouse. We consider that by such refusal the trial judge released defendants from their obligations to appear at that time. In order to secure their appearances at a later time or date, defendants should have been notified of the later time or date. Accordingly, the trial judge erred in calling defendants on their bonds and issuing warrants for their arrests when they failed to respond later the same day.
We note that the trial judge in his order provided a place for witnesses to wait pending their court appearances. Had the trial judge similarly provided a place for defendants to wait and ordered them to remain there until called, no further notice would have been necessary and calling defendants on their bonds and issuing bench warrants for their arrests would have been proper action on their failure to appear when called.
Defendants also assign as error the exclusion of the general public from the courtroom. Since the order was issued on the day of trial (March 14,1980) based on conditions then existing, the order will have to be reevaluated by the trial court[3] at the time of any subsequent trials. Hence, we consider it unnecessary to review the appropriateness of the closure order issued on March 14, 1980.
DECREE
The order of the trial judge calling defendants on bond and issuing bench warrants for their arrests is reversed and set aside and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.
DIXON, C. J., concurs.

. 383 So.2d 20 (La. 1980).

. Apparently, defendants who would not identify themselves were assigned “John Doe numbers” at the “bonding procedure.” The first case called was City of Monroe v. John Doe # 34. Hence, the call for the first defendant was “John Doe # 34.”

. Consideration should be given to the recent case of Richmond Newspapers, Inc. v. Virginia, -U.S. -, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), in which the Supreme Court held that, absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public.