525 So.2d 247 (1988)
STATE of Louisiana
v.
Tyrell ANTHONY.
No. CA 87 0230.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Bryan Bush, Dist. Atty. by Jimmy Simien, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellant.
*248 J. David Bourland, Baton Rouge, for defendant/ appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
The State of Louisiana filed this appeal alleging the trial court erred in setting aside the forfeiture of a bail bond which Sunbelt Southern Lloyds Insurance Company had furnished to insure Tyrell Anthony's appearance in court.
Defendant was arrested and charged with attempted simple burglary on September 14, 1985. He was released after posting a $2,000.00 appearance bond issued by Sunbelt through its agent, Morgan Bonding Company. The bond stated that Anthony agreed to appear in court when notified. Defendant's arraignment was eventually set for January 31, 1986. A deputy sheriff attempted to serve the arraignment notice on defendant at 1224 N. 24th Street in Baton Rouge, the address he gave at the time of his arrest. The deputy noted on the return that he was unable to serve defendant because the address given did not exist. Sunbelt was not served at this time.
After defendant failed to appear on January 31, 1986, the court ordered the bond forfeited. Although the minutes reflect that the trial judge ordered that notice of the forfeiture be sent to Anthony, Sunbelt, and Morgan, the record does not show when they were notified. The trial court subsequently granted Sunbelt's motion (filed on August 1, 1986) to set aside the bond forfeiture because it was not notified of defendant's arraignment date.[1]
On September 23, 1986, the trial court reset defendant's arraignment date for October 7 and ordered that all parties be notified. A deputy sheriff attempted to serve defendant at an alternate address given by Anthony, 919 Napoleon Street, but was unable to do so because it was a vacant house. Sunbelt and Morgan were properly served. When defendant failed to appear on October 7, the trial court ordered the appearance bond forfeited and issued a bench warrant for Anthony's arrest. A written judgment of bond forfeiture was read, signed, and filed in open court on November 3, 1986. Two months later, the trial judge granted Sunbelt's motion to set aside the second bond forfeiture, but noted that Sunbelt was not released from its obligations under the bond completely.
Sunbelt admits that had it received proper notice of defendant's first appearance date, the initial bond forfeiture would have been proper. The state's failure to notify Sunbelt released it from liability only for defendant's failure to appear on January 31, 1986. Its obligation to insure that the defendant appear in court on subsequent dates continued.[2] However, Sunbelt contends that defendant only has an obligation to be present for a proceeding in open court when he has received proper notice. State v. Henderson, 475 So.2d 1098 (La. 1985). It argues that defendant can only be required to appear after he has been notified of the date, time, and place the appearance must be made. City of Monroe v. Baghri, 388 So.2d 772, 774 (La.1980).
In order to obtain a judgment of bond forfeiture against a surety, the state must comply strictly with the terms of LSA-R.S. 15:85. After a breach of any of the conditions of the bond undertaking, the court is required to hold a hearing to determine if the prerequisites to forfeiture have been established. The critical question for resolution is whether the state has provided the notice required by LSA-C.Cr.P. art. *249 337. The court must determine in the situation where the appearance date is not set in the bond that the state mailed or delivered notice of the appearance date to the defendant and the surety.
Prior to amendment by Acts 1982, No. 357, § 1, LSA-R.S. 15:85 A(1) required a "hearing of proper evidence including service or attempted service upon the defendant and service upon the surety" before a judgment of bond forfeiture could be decreed. At the time of defendant's arrest, the statute simply required notice to the defendant and the surety. In the instant case, defendant did not receive the first arraignment notice because the address he gave when he was arrested did not exist. Notice of his October 7 arraignment date was served at another address given by the defendant, but the deputy noted on the return that it was a vacant house. Thus, defendant's breach of his bail obligations under LSA-C.Cr.P. art. 330 prevented the state from giving him actual notice of his appearance dates.[3]
In any event, we do not interpret R.S. 15:85 as requiring actual notice. Due process under article 1, § 2 of the Louisiana Constitution of 1974 and the fifth and fourteenth amendments of the United States Constitution requires that in an action to deprive a person of life, liberty, or property, the person must be given notice of the proceedings and a hearing appropriate to the nature of the case. Due process does not demand that a party actually receive the notice, it only requires that the method of service used be reasonably calculated to give the party actual notice. Ray v. South Cent. Bell Tel. Co., 303 So.2d 877, 880 (La.App. 1st Cir.1974), aff'd, 315 So.2d 759 (La.1975). In the instant case, the state proved that it sent defendant notice of the hearing dates to the addresses he furnished. It would be a travesty of justice for this court to find that because Anthony thwarted the state's efforts to deliver the notices to him, he was never obligated to appear in court. Accordingly, defendant's failure to receive actual notice of the second arraignment date does not prevent the state from seeking the forfeiture of Sunbelt's bond due to his nonappearance.
Sunbelt relies on State v. DeLaRose, 391 So.2d 842 (La.1980), in arguing that the state could not set a second arraignment date without first arresting the defendant on the bench warrant. In DeLaRose, the court interpreted the requirement in R.S. 15:85 A that the judge "forthwith enter a judgment decreeing the forfeiture of the bond" as expressing the legislative intent for immediate action once the defendant failed to appear, while the probability of locating him is greatest. (Emphasis added). 391 So.2d at 843. The court also noted that the statute's release of the surety from all obligations under the bond, when it was not notified of the forfeiture within sixty days of entry, was a recognition of the substantial prejudice the surety incurred from a delay in learning of a defendant's failure to appear. The court stated that "the underlying purpose of a bond is to insure the appearance of a defendant released on bail [and] that purpose is disserved when the surety ... is deprived by unnecessary delays of any reasonable opportunity to locate and surrender the defendant." Id. at 843.
The sixty day notice provision was changed in 1982 to six months by Acts 1982, No. 357, § 1. However, the increase in the time period did not change the reason for requiring appearance bonds. In the instant case, the record does not reflect when Sunbelt was notified of the forfeiture of its bond due to Anthony's nonappearance for the initial hearing. It shows only that on August 1, 1986, Sunbelt moved to have the forfeiture set aside. Even though the first forfeiture was invalid, we must use the date of Anthony's first arraignment to determine whether Sunbelt was *250 deprived "of any reasonable opportunity to locate and surrender the defendant." If Sunbelt had been notified shortly after January 31, 1986, that Anthony had failed to appear, the state would have been able to set a new arraignment date once the initial bond forfeiture was set aside. Because we find that the state failed to prove that Sunbelt was given prompt notice of defendant's initial nonappearance, the judgment forfeiting the bond for Anthony's failure to appear on October 7 was correctly set aside by the trial court. Costs in the amount of $116.23 are to be paid by appellant.
AFFIRMED.
NOTES
[1] In State v. Salgologo, 491 So.2d 361, 363 (La. 1986), the Louisiana Supreme Court held that in order for a bond forfeiture to be valid under LSA-R.S. 15:85, both the surety and its agent must receive the post-forfeiture notice. Acts 1987, No. 728, § 2 amended the statute to allow notice to be given to the defendant and the surety or an agent or bondsman of the surety.
[2] The defendant is regarded as in the custody of his surety from the moment the bond is executed until he is discharged or recommitted. Generally, the surety underwriting the bond guarantees that the defendant will appear at all stages of the proceedings, will submit himself to the orders and process of the court, and will not leave the state without the written permission of the court. LSA-C.Cr.P. art. 330.
[3] In his bail bond, Anthony agreed that he "will at all times hold himself amenable to the orders and process of the Court ... and will not leave the state without written permission of the Court." He also signed the bond receipt which stated that if he changed his address for any reason, he was required to notify the Criminal Records Section of the Clerk of Court immediately.