581 So.2d 313 (1991)
AMERICAN BANKERS INSURANCE COMPANY
v.
STATE of Louisiana, et al.
No. 90 CA 0386.
Court of Appeal of Louisiana, First Circuit.
May 16, 1991.
Graymond F. Martin, Smith, Martin & Ware, New Orleans, Elbert L. Guillory, Opelousas, for plaintiff-appellant American Bankers Ins. Co.
Walter K. Naquin, Jr., Asst. Dist. Atty., Thibodaux, for defendant-appellee State of Louisiana.
Before LOTTINGER, SHORTESS and CARTER, JJ.
SHORTESS, Judge.
American Bankers Insurance Company (plaintiff) appeals the dismissal of its petition for nullity of judgment entered January 23, 1990, asserting two procedural defects in the bond forfeiture in criminal case No. 178470 from the Seventeenth Judicial District Court, Lafourche Parish, Louisiana, captioned "State of Louisiana v. Juan Espinal."[1] Plaintiff, an alien insurer, through its agent Johnny Graham, posted a $25,000.00 appearance bond on behalf of Juan Espinal, a defendant in criminal proceedings based upon alleged violations of LSA-R.S. 40:967, i.e., distribution of cocaine. The surety bond fixed an appearance date of February 13, 1986. Espinal did not appear on this day, and the judgment recites that the state introduced the bond, signed by Espinal and Graham,[2] and the notice to Espinal. On February 14, 1986, the clerk of court mailed notice of the judgment of forfeiture to Graham at his *314 Gretna, Louisiana, address and to plaintiff at the Jacksonville, Florida, address that appears on the surety bond. This latter notice to plaintiff was returned to the clerk by the postal service undelivered, with a notation "NSN."
Plaintiff argues it was not properly notified because the improper address was provided, apparently by Graham, on the bond. Notice to Graham alone is insufficient under the present forfeiture statute. See LSA-R.S. 15:85(A)(1)(a) ("Mailing the notice to the agent alone shall not constitute compliance with this section."). Preforfeiture notice was unnecessary because the appearance date was fixed upon the bond itself. See C.Cr.P. art. 337 ("When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety....)."[3]
In State v. Anthony, 525 So.2d 247 (La. App. 1st Cir.1988), this court held that a defendant's incorrect address on a surety bond which prevented actual preforfeiture notice, did not invalidate the forfeiture. In Anthony it was clear that the accused intentionally misrepresented his address. The facts of this case seem less compelling than Anthony insofar as plaintiff's (or its agent's) own conduct is responsible for the improper address. Plaintiff correctly argues that the terms of LSA-R.S. 15:85 must be strictly complied with, see Anthony, 525 So.2d at 248, and that proper service could have easily been accomplished upon it, a foreign insurer, by service upon the Louisiana Secretary of State. LSA-R.S. 15:85 requires notice of forfeiture to "the surety on the bond whose address is on the face thereof." Strict compliance does not necessarily equate to strict construction, and we will not read this statute as requiring actual notice or anything other than what it says which, essentially, is notice to the address on the bond. Due process requires not actual notice but a method "reasonably calculated" to provide actual service. Anthony, 525 So.2d at 249.
Secondly, plaintiff asserts "proper evidence" as required by LSA-R.S. 15:85 was not adduced. There was no transcript of the proceedings. The judgment recites that the bond and the notice to the defendant were admitted into evidence. Without a transcript or some other evidence that these items were not introduced, we are unable to conclude that the judgment was not based upon sufficient evidence. See Ascension Builders v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972) (where in the context of confirmation of a default judgment which recited that evidence had been adduced, and defendant was unable to show otherwise, the court held the presumption that a judgment is based upon sufficient evidence was not overcome).
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiff.
AFFIRMED.
NOTES
[1] It is noted that plaintiff's brief on appeal appears to seek review, also, of a judgment entered February 6, 1987, dismissing plaintiff's petition for preliminary injunction. This judgment has already been appealed, and this court, in an unpublished opinion, affirmed. American Bankers Ins. Co. v. State, 542 So.2d 217 (La.App. 1989).
[2] The bond was signed on behalf of plaintiff by Graham as "agent" and referenced a power of attorney document by number (No. AB25-135189) which was also executed by Graham as "agent" on an American Bankers Insurance Company form.
[3] Added by Acts 1990, No. 520, § 1. This provision is not applicable to the facts at bar.