IBARRY, Judge.
The State appeals a judgment which set aside a civil forfeiture of $1,480.00. We reverse.

FACTS

Demetrius Williams was arrested at his business and charged with possession with intent to distribute marijuana.[1] $1,480 was seized from his person under the Louisiana forfeiture law.
The police report correctly listed Williams’ business address as 1544 N. Claiborne Ave. but incorrectly listed his home address as 1-2-3-4 1-10 Service Road. His correct home address, 12345 I — 10 Service Road, was written on the bond for his release.
On January 13, 1992 the State sent Notice of Pending Forfeiture to Williams via certified mail at the correct business address and the incorrect home address. The business address envelope was marked “refused” and the 12home address envelope was returned unclaimed. The State published the notice in the Times Picayune newspaper.
On February 21, 1992 the district court signed an order of forfeiture. Williams learned of the judgment on May 19, 1992 (when he appeared for trial) and he filed a Motion to Set Aside the Judgment of Forfeiture based on insufficient notice. The district court granted the motion and set aside the forfeiture. The State appeals and submits that notice to the business address was sufficient and Williams failed to file a timely claim.

ADEQUACY OF NOTICE

The Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 (the Act), LSA-R.S. 40:2601 et seq., sets forth notice and claims procedure for civil forfeitures. Section 2608 requires the District Attorney to serve Notice of Pending Forfeiture to initiate forfeiture proceedings. LSA-R.S. 2608(l)(a). The place and method of notice is provided in Section 2608(3):
(3) Whenever Notice of Pending Forfeiture or service of an in rem petition is *1257 required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:
(a) If the owner’s or interest holder’s name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.
[[Image here]]
(c) If the owner’s or interest holder’s address is not known and is not on record as provided in Subparagraph (b) of this Paragraph [relative to names and addresses required by law to be recorded], or the owner or interest holder’s interest is not known by publication in one issue of the official journal in the parish in which the seizure occurs.
laNotice is effective upon personal service, publication or mailing. LSA-R.S. 2608(4).
The Act does not require actual notice. Generally, a person must be given notice and a hearing prior to government deprivation of property. U.S. v. James Daniel Good Real Property, — U.S. —, —, 114 S.Ct. 492, 498, 126 L.Ed.2d 490 (1993); State v. Anthony, 525 So.2d 247, 249 (La.App. 1st Cir.1988). Due process does not demand that a party actually receive the notice, rather that the method of service be reasonably calculated to give actual notice. State v. Anthony, supra at 249, citing Ray v. South Central Bell Telephone Co., 303 So.2d 877, 880 (La.App. 1st Cir.1974), ajfd. 315 So.2d 759 (La.1975) [The Anthony court held that actual notice was not required in bond forfeitures under R.S. 15:85, which at the time of the defendant’s arrest required “notice to the defendant and the surety.”]
In this case the State sent Williams notice via certified mail to his correct business address. Section 2608(3)(a) only specifies that certified mail be directed to the “current address”, not a home address. We conclude that procedure is reasonably calculated to give actual notice and satisfies due process requirements. By legislative mandate, “(t)he provisions of (the Act) shall be liberally construed to effectuate its remedial purposes.” LSA-R.S. 40:2621.[2]
The method of notice was proper and adequate.

J¿SUFFICIENCY OF THE CLAIM

LSA-R.S. 40:2610 provides the mandatory claim procedure which the owner or interest holder must follow. The claim shall be mailed to the seizing agency and the District Attorney by certified mail within thirty days after Notice of Pending Forfeiture. LSA-R.S. 40:2610(A). The claim shall be in affidavit form, signed by the claimant under oath and sworn to by the affiant before one with authority to administer the oath. LSA-R.S. 2610(B). The statute mandates the content of the claim. LSA-R.S. 40:2610(B).[3]
Williams did not file a claim under Section 2610. Counsel for Williams argued on the motion to set aside the forfeiture that she spoke with the District Attorney’s office more than once during the screening phase of the case. Counsel inquired about the seizure and was informed that the money would be returned at the conclusion of the case. No claim was filed. There was no compliance with the statute.
The judgment is reversed and the forfeiture is reinstated.

REVERSED AND RENDERED.

. The charges were reduced to possession of marijuana.

. As with bond forfeitures, State v. Anthony, supra, the State must strictly comply with the terms of the statute. However, strict compliance does not necessarily equate to strict construction. Id.

. Under Section 2610(B) the claim "shall set forth all of the following: (1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant. (2) The address where the claimant will accept mail. (3) The nature and extent of the claimant's interest in the property. (4) The date, identity of the transferor, and the circumstances of the claimant’s acquisition of the interest in the property. (5) The specific provision of this Chapter relied on in asserting that the properly is not subject to forfeiture. (6) All essential facts supporting each assertion. (7) The specific relief sought."