LKUHN, Judge.
Antonio Martinez appeals a judgment of forfeiture rendered on August 29, 1996, in favor of the State of Louisiana (State) against $4200.00 U.S. Currency, in an in rem proceeding initiated under the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989,[2] (the Forfeiture Act). For the following reasons, we dismiss this appeal.
On its face, the delay for appealing the August 29, 1996 judgment has expired. See La.C.C.P. arts. 2087 and 2123. Martinez asserts that because the State’s pleading entitled, “PETITION FOR FORFEITURE IN REM ACTION,” was served on him by domiciliary service, it is not in conformity with the provisions of La.R.S. 40:2612 B and 2608(3)(a)-(c). As such, he urges it is not proper service, rendering the August 29, 1996 judgment an absolute nullity. In this appellate proceeding, Martinez requests that we annul and set aside the judgment of forfeiture and order the State to return to him the sum of $4200.[3]
Louisiana Revised Statute 40:2612, governing in rem proceedings under the Forfeiture Act, states in relevant part:
B. An action in rem may be brought by the district attorney in addition to, or in lieu of, civil, in personam forfeiture procedures. The state may serve the petition in the manner provided by Paragraph (3) of Section 2608 -of this Chapter.
According to La.R.S. 40:2608(3) of the Forfeiture Act:
(3) Whenever Notice of Pending Forfeiture or service of an in rem petition is required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:
L(a) If the owner’s or interest holder’s name and current address are known, by either personal service or by *304 mailing a copy of the notice by certified mail to that address.
(b) If the owner’s or interest holder’s name and address are required by law to be recorded with the parish clerk of court, the motor vehicle division of the Department of Public Safety and Corrections, or another state or federal agency to perfect an interest in the property, and the owner’s or interest holder’s current address is not known, by mailing a copy of the notice by certified mail, return receipt requested, to any address of record with any of the described agencies.
(c) If the owner’s or interest holder’s address is not known and is not on record as provided in Subparagraph (b) of this Paragraph, or the owner or interest holder’s interest is not known by publication in one issue of the official journal in the parish in which the seizure occurs.
Citing, La.C.C.P. art. 6,[4] Martinez claims “absent proper service on [him], the court lacked jurisdiction over him.” Thus, while conceding that the State made domiciliary service of the in rem petition of forfeiture, Martinez contends that he was entitled to personal service. We disagree.
Under the plain language of La. R.S. 40:261213, the State (through the district attorney) has the discretion to bring an action in rem in addition to, or in lieu of, civil in personam forfeiture procedures. The Forfeiture Act does not require actual notice. And |4due process does not demand that a party actually receive the notice, but rather that the method of service be reasonably calculated to give actual notice. See State v. U.S. Currency, 92-2808, p. 3 (La. 4th Cir.5/26/94), 637 So.2d 1255, 1257.
Louisiana Revised Statute 40:2612B provides only that the State “may” serve the in rem petition as set forth in ¶ 2608(3). The provisions of the Forfeiture Act shall be liberally construed to effectuate its remedial purposes. La.R.S: 40:2621. Except as otherwise provided, all proceedings conducted under the Forfeiture Act shall be governed by the provisions of the Louisiana Code of Civil Procedure. La.R.S. 40:2611K. Domiciliary service is a proper method of service under the Code of Civil Procedure. See La.C.C.P. art. 1234.[5]
Careful scrutiny of the judgment Martinez attempts to appeal shows that the trial court ordered “Judgment in favor of the State of Louisiana and against the following property: $4200.00 U.S. CURRENCY.” Nothing in the judgment pur *305 ports to cast or otherwise impose judgment against Martinez. The record before us establishes that Martinez timely filed a claim of ownership as permitted under the provisions of La.R.S. 40:2610 only because the State’s petition included an allegation of fact so averring. Nothing in this record shows that Martinez, as a claimant, filed an application for a hearing on the issue of whether probable cause existed for forfeiture of the property within ten days of notice, or actual knowledge, of the seizure of the property as permitted under La.R.S. 40:2611C. And Martinez does not contend that he failed to receive actual |snotice of either the petition the State filed initiating this in rem proceeding or of the Notice of Pending Forfeiture.
Based on the contents of this record, we would be remiss to frustrate the remedial purposes of the Forfeiture Act in this case. It defies common sense to suggest that the mailing of the petition by certified mail, see La.R.S. 40:40:2608(3)(a), is reasonably calculated to give actual notice to the claimant but that domiciliary service of the forfeiture petition is not so calculated.
Martinez does not deny that he failed to timely file an answer as required under La.R.S. 23:2612. Thus, the trial court correctly entered judgment in favor of the State on August 29, 1996. See La.R.S. 40:2615. And Martinez’s attempt to appeal that judgment, over three years later, simply is too late.
For all these reasons, Martinez’s appeal is dismissed. All costs of this proceeding are assessed to Antonio Martinez.
APPEAL DISMISSED.

. La.R.S. 40:2601-2622. Although provisions of this Act were subsequently amended by La. Acts 1997, No. 1334, § 1, the legislative modifications do not affect our determination in this matter.

. According to the allegations of the State's in rem petition, during a reverse sting operation on February 8, 1996, Antonio Martinez had in his possession $4200 for the purpose of purchasing ten pounds of marijuana. The property forfeited is the $4200 U.S. currency seized by the Tangipahoa Parish Sheriff's Office from the possession of Martinez apparently at the time of his arrest.

. Louisiana Code of Civil Procedure article 6 provides:
A. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. The exercise of this jurisdiction requires:
(1) The service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201.
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state.
(3) The submission of the party to the jurisdiction of the court by commencing an action or by the waiver of objection to jurisdiction by failure to timely file the declinatory exception.
B. In addition to the provisions of Paragraph A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and with the Constitution of the United States.

. Louisiana Code of Civil Procedure article 1234 provides:
Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment.