# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-623

**STATE OF LOUISIANA**

**VERSUS**

**$1330.00 IN U.S. CURRENCY**
**(REFERENCE:  ROBERT MINCEY)**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-5896
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**Cooks, J., dissents with reasons.**

**Robert C. McCorquodale**
**In House Counsel for Calcasieu Parish Sheriff's Office**
**Post Office Box 2185**
**Lake Charles, LA   70602**
**(337) 491-3622**
**COUNSEL FOR APPELLEE:**
      **Sheriff of Calcasieu Parish**

**Robert S. Kleinschmidt, Jr.**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Robert E. Mincey**
**Main Prison - East Yard**
**Louisiana State Penitentiary**
**Angola, LA   70712**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Robert Mincey**

**AMY, Judge.**

The State previously filed a forfeiture action against an amount of currency that it alleged belonged to the claimant. Default judgment was entered in the forfeiture action. Thereafter, the claimant filed a petition for nullity, alleging that he had not been provided with proper notice of the forfeiture action. After a hearing, the trial court denied the petition for nullity. This appeal follows. For the following reasons, we affirm.

## Factual and Procedural Background

The claimant, Robert Elijah Lamar Mincey, a/k/a Robert Bryant, was arrested and charged with second degree murder in connection with a night club shooting that resulted in the death of Jerome Dejean. The claimant was ultimately convicted of manslaughter, adjudicated to be a second habitual offender, and sentenced to fifty years at hard labor without the benefit of parole, probation, or suspension of sentence. *State v. Mincey*, 08-1315 (La.App. 3 Cir. 6/3/09), 14 So.3d 613, *writ denied*, 09-1743 (La. 4/5/10), 32 So.3d 219; *State v. Mincey*, 09-155 (La.App. 3 Cir. 6/3/09), 12 So.3d 1105, *writ denied*, 09-1743 (La. 4/5/10), 32 So.3d 219.

Thereafter, the State filed an application for order of forfeiture concerning $1,330.00 in U.S. currency allegedly belonging to the claimant. The affidavit attached to the application indicates that, before the claimant's arrest, a search warrant was executed at the claimant's bedroom at 701 Redwood, Lake Charles, Louisiana. As a result of that search, the police seized:

> a pair of jeans on the floor in the pocket of which contained a plastic bag containing several smaller plastic bags that contained marijuana. Another smaller plastic bag which contained cocaine was located inside the same plastic bag containing the bags of marijuana. While conducting a search of [the claimant's] suitcase, detectives located a

large plastic bag that contained a pound of marijuana along with a scale.

Further, the police collected the claimant's clothing from the jail facility and seized, from the claimant's shoe, the $1,330.00 in U.S. currency that was the subject of the forfeiture action. Judgment granting the forfeiture request was signed on November 22, 2010.

The claimant subsequently filed a "Petition for Release of Seized Property," which was dismissed pursuant to an exception of res judicata on the basis of the November 22, 2010 forfeiture judgment. Thereafter, the claimant filed a "Petition for Nullity of Judgment," which was also dismissed. However, in *Robert Elijah Mincey aka Robert Bryant v. Tony Mancuso, Sheriff of Calcasieu Parish*, 12-121 (La.App. 3 Cir. 6/20/12)(unpublished opinion), this court determined that the trial court erred in granting the exception and remanded for further proceedings.

The claimant re-asserted his petition for nullity, arguing that he had not been properly notified of the forfeiture proceedings and that the seized currency was not related to his manslaughter conviction and, therefore, not subject to seizure. The trial court conducted a hearing on that issue. Finding that the State sent appropriate notice to the claimant's last known address and that the property was subject to seizure, the trial court dismissed the claimant's petition for nullity.

The claimant now appeals, asserting that the trial court erred in denying the petition for nullity.

**Discussion**

Adequate notice and the opportunity to be heard before the rendition of a final judgment are basic principles of our legal system. *Flemming v. Flemming*, 13-22 (La.App. 3 Cir. 6/5/13), 114 So.3d 1285, *writ denied*, 13-1624 (La.

2

11/15/13), 125 So.3d 1108; *Chaney v. Coastal Cargo, Inc.*, 98-1902 (La.App. 4 Cir. 1/20/99), 730 So.2d 971. "Because adequate notice is so fundamental, the lack thereof gives rise to a nullity action." *Flemming*, 114 So.3d at 1290. Louisana Code of Civil Procedure Article 2002 provides, in relevant part, that a "final judgment shall be annulled if it is rendered: . . . (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken." A petition for nullity based on these grounds may be made at any time. La.Code Civ.P. art. 2002(B). "In reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but whether the trial court's conclusions were reasonable." *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-149, p. 6 (La. 10/16/01), 800 So.2d 762, 766.

In an action to annul a judgment based on the validity of service, the burden of proof lies on the claimant to show by a preponderance of the evidence that service was not properly made. *Merial Ltd. v. Lagraize*, 07-182 (La.App. 5 Cir. 10/30/07), 971 So.2d 403, *writ denied*, 07-2277 (La. 1/25/08), 973 So.2d 760. Further, in order to support a valid judgment, citation and service must strictly comply with the applicable law. *Id.* Thus, the party challenging notice need not show that service was not actually made; only that it is more likely than not that it was not *properly* made. *Id.*

The underlying action in this matter is a forfeiture action pursuant to La.R.S. 40:2601–La.R.S. 40:2622. Forfeiture actions pursuant those sections have a specific notice statute, which states in relevant part that:

3

(3) Whenever Notice of Pending Forfeiture or service of an in rem petition is required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:

(a) If the owner's or interest holder's name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.

(b) If the owner's or interest holder's name and address are required by law to be recorded with the parish clerk of court, the motor vehicle division of the Department of Public Safety and Corrections, or another state or federal agency to perfect an interest in the property, and the owner's or interest holder's current address is not known, by mailing a copy of the notice by certified mail, return receipt requested, to any address of record with any of the described agencies.

(c) If the owner's or interest holder's address is not known and is not on record as provided in Subparagraph (b) of this Paragraph, or the owner or interest holder's interest is not known by publication in one issue of the official journal in the parish in which the seizure occurs.

La.R.S. 40:2608(3).

Further,

Notice is effective upon personal service, publication, or the mailing of a written notice, whichever is earlier, and shall include a description of the property, the date and place of seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action.

La.R.S. 40:2608(4). In a forfeiture action, there is no requirement that there be actual notice, only that the method of service is reasonably calculated to give actual notice. *State v. $1,480.00 in U.S. Currency*, 92-2808 (La.App. 4 Cir. 5/26/94), 637 So.2d 1255.

In this case, the burden of proof of establishing that it was more likely than not that proper service was not made lay with the claimant. Our review of the transcript from the hearing on the petition for nullity indicates that the claimant argued that, at the time the notice of pending forfeiture was issued, he was

4

incarcerated in connection with his manslaughter conviction. He argues that the State sent the notice to his pre-incarceration address, even though it should have been aware that he was incarcerated. However, there is nothing in the transcript from the hearing indicating that the claimant submitted any evidence in support of this argument.

In response to this argument, the State argued that there was no requirement that they "track this guy down wherever he may live or move to" and that they were only required to send it to the "last known address[.]" In addition, the State entered the entire record in Docket Number 2010-5896 into evidence.[1] The State submitted the copy of the Notice of Pending Forfeiture, issued November 22, 2010, to "Robert Elijah Lamar Mincey 701 Redwood Lake Charles, Louisiana 70611-3831." The Notice further indicates that 701 Redwood, Lake Charles, Louisiana is the property at which the search warrant was executed and the claimant's property seized and describes the conduct giving rise to the forfeiture action, specifically, "POSSESSION OF CDS II and POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE . . . felony violations of LSA R.S. 40:961 et seq." In addition, the Notice includes "a summary of procedures and procedural rights applicable to the forfeiture action" as required by La.R.S. 40:2608(4). Also attached to the Notice are 1) a photocopy of a postmarked envelope bearing the claimant's name and the 701 Redwood address and 2) a certified mail receipt postmarked September 7, 2010. The envelope reflects that on September 24, 2010, it was returned to sender unclaimed, unable to forward. The record also includes an

---

[1] We note that the record before this court is that from Docket Number 2010-5896. However, several documents in the record indicate that there is another relevant docket number for this matter—Docket Number 2011-2013. Having reviewed the record before the court, we note that it contains documents filed under both docket numbers, including the transcript from the April 15, 2015 hearing, the judgment, and the motion for appeal. Thus, we conclude that the information contained therein is sufficient to resolve the claimant's assignments of error.

affidavit of proof of service signed by one of the Calcasieu Parish Assistant District Attorneys indicating that the Notice was served on the claimant "by certified mail, return receipt requested, on September 7, 2010."

Having reviewed the transcript of the hearing, we conclude that the claimant failed to meet his burden of proving that it is more likely than not that service was not properly made and that the trial court's conclusions in denying the petition for nullity were reasonable. The claimant asserts that the State knew that his "current address" was at the Louisiana State Penitentiary at the time that the notice of pending forfeiture was sent; however, he submitted no *evidence* in support of this assertion. *See Burkett v. Property of Douglas*, 575 So.2d 888 (La.App. 2 Cir. 1991). Further, the State submitted evidence that it sent notice satisfying the requirements of La.R.S. 40:2608(4) to the 701 Redwood, Lake Charles, Louisiana address, which it asserted was the claimant's "last known address." Again, the claimant submitted no *evidence* to establish whether 701 Redwood, Lake Charles, Louisiana was or was not his current address at the time the notice of pending forfeiture was sent or to rebut this submission by the State, only his unsworn argument at the hearing. Thus, the claimant presented no evidence suggesting that notice to 701 Redwood, Lake Charles, Louisiana was not reasonably calculated to give actual notice. *$1,480.00 in U.S. Currency*, 637 So.2d 1255.

Accordingly, there is no vice of form shown which would render the forfeiture judgment absolutely null. We conclude that the trial court's finding that the State provided adequate notice of the forfeiture proceeding was reasonable and we find no error in the trial court's determination to deny the petition for nullity.

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court dismissing the petition for nullity dated April 20, 2015. All costs of this proceeding are assessed to the appellant, Robert Elijah Lamar Mincey, aka Robert Bryant.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

$1,330.00 IN U.S. CURRENCY
(REFERENCE: ROBERT MINCEY)


**COOKS, J., dissenting.**

I respectfully dissent from the majority's proposal to affirm the denial of the petition for nullity. Due process under article 1, § 2 of the Louisiana Constitution of 1974 and the fifth and fourteenth amendments of the United States Constitution requires that in an action to deprive a person of life, liberty, or property, the person must be given notice of the proceedings and a hearing appropriate to the nature of the case. Due process does not demand that a party actually receive the notice, it only requires that the method of service used be reasonably calculated to give the party actual notice. *Ray v. South Cent. Bell Tel. Co.*, 303 So.2d 877, 880 (La.App. 1 Cir.1974), *aff'd*, 315 So.2d 759 (La.1975).

I find in this case, the method of service cannot be fairly construed as appropriate nor reasonably calculated to give actual notice. Claimant has continuously been in the State's custody from the day of his arrest through his conviction for manslaughter. There is no question this was known by the State. The majority opinion states there is nothing indicating the claimant submitted any evidence in support of his argument that the State should have been aware of his incarceration. There is no dispute that claimant has remained incarcerated from the time of his arrest on November 16, 2006 through his October 23, 2007 trial where he was convicted of manslaughter and sentenced to fifty years in prison. Any argument that the State would have any question as to claimant's physical address

several years later when these proceedings occurred is nonsensical. It was not disputed by any party herein that the State had claimant in its custody. La.R.S. 40:2608(3)(a) provides "[i]f the owner's or interest holder's name and current address are known," service must be made "by either personal service or by mailing a copy of the notice by certified mail to that address." To allow service to be made to an address that the State knew or should have known claimant no longer resided at does not comport with the demands of due process. Claimant was never personally served in the forfeiture proceedings nor was he served a notice of judgment.

For the foregoing reasons, I would reverse the trial court's dismissal of claimant's petition for nullity and would grant same finding the judgment is null and void.