COOKS, J.,
dissenting.
I respectfully dissent from the majority’s proposal to affirm the denial of the petition for nullity. Due process under article 1, § 2 of the Louisiana Constitution of 1974 and the fifth and fourteenth amendments of the -United States Constitution requires that in an action to deprive a person of life, liberty, or property, the person must be given notice of the proceedings and a hearing appropriate to the nature of the case. Due process does not demand that a party' actually receive the notice, it only requires that the method of service used be reasonably calculated to give the party1 actual notice. Ray v.. South Cent. Bell Tel. Co., 303 So.2d 877, 880 (La.App. 1 Cir.1974), aff'd, 315 So.2d 759 (La.1975).
I find in this case, the method of service cannot be fairly construed as appropriate nor reasonably calculated to give actual notice; Claimant has continuously been in the State’s custody from the, day of- his arrest through his conviction for manslaughter. There is no question this was known by the State. The majority opinion states there is nothing indicating the claimant submitted any evidence in support of his argument that the State should have been aware of his incarceration. There is no dispute that claimant has remained incarcerated from the time of his arrest on November 16, 2006 through his October 23, 2007 trial where he was convicted of manslaughter and sentenced to fifty years in prison. Any argument that the State would have any question as to claimant’s physical address séveral years later when these proceedings occurred is nonsensical. .It was not disputed by any party herein that the State had claimant in its custody. La.R.S. 40:2608(3)(a) provides “[i]f the owner’s or interest holder’s name and current address are known,” service must be made “by either personal service or by mailing a copy of the notice by certified mail' to that address.” ■ To allow service, to be made to an address that the State knew or should have known claimant no longer resided at does not comport with the demands of due process. • Claimant was never personally served in the forfeiture proceedings nor was he served a notice of judgment.- ■ . -
For the foregoing reasons, I would reverse the .trial court’s dismissal of claimant’s petition for nullity and would grant same finding the judgmént is null and void.